UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80037-BLOOM/Valle

**THE DISPATCH PRINTING COMPANY**,

    Plaintiff,

v.

**IRA L. ZUCKERMAN**, individually and
as partner of Zuckerman & Mata, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Transfer, ECF No. [1] ("Motion to Transfer"), filed on January 8, 2016.  The Court has carefully reviewed the Motion, and the exhibits attached thereto, including Defendant's Motion to Quash, ECF No. [1-2] ("Motion to Quash"), and Plaintiff's Motion to Compel, ECF No. [1-3] ("Motion to Compel"), the record, and the applicable law, and is otherwise fully advised.  For the reasons that follow, the Court grants the Motion.

### I. Background

Plaintiff The Dispatch Printing Company ("Plaintiff" or "Dispatch") requests, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and 26 U.S.C. § 7216, that the Court transfer its Motion to Compel to the Southern District of Ohio.  Alternatively, in conformance with the Motion to Compel, Dispatch seeks relief compelling Ira L. Zuckerman, a Florida attorney, and his law firm, Zuckerman & Mata, LLC (collectively, "Zuckerman" or "Defendant") to produce documents responsive to Dispatch's subpoena duces tecum served on October 27, 2015.  ECF No. [1-1] ("Subpoena").  The underlying litigation in this matter has been pending in the

Case No. 16-cv-80037-BLOOM/Valle

Southern District of Ohio, and in Ohio state court, for over ten years. In the Southern District of Ohio, the case is captioned *Williamson v. Recovery Limited Partnership*, 06-cv-292 (S.D. Ohio) (the "Civil Case"). The Civil Case also has generated two criminal contempt cases, styled *United States v. Thompson*, 15-cr-81 (S.D. Ohio) (the "Criminal Case"), and *United States v. Antekeier*, 15-cr-82 (S.D. Ohio). All cases are before Judge Marbley. *See* Motion at 3.

As explained in greater detail below, the Civil and Criminal Cases arise from the actions of Thomas G. Thompson, the former general partner of Recovery Limited Partnership ("RLP") and former chairman of Columbus Exploration, LLC ("CX"). Thompson set up RLP and CX for the purpose of searching for the shipwreck of the S.S. Central America, a U.S. mail steamship that sank in an 1857 hurricane carrying several tons of gold from the California gold rush. Thompson's recovery efforts were financed by $12.5 million from a group of Ohio investors, including Dispatch, which invested $1 million. Although Thompson ultimately succeeded in recovering more than $100 million of treasure, his investors "never saw a dime." Motion at 5. Dispatch brought the Civil Case against Thompson, RLP, CX, and others in Ohio state court to determine what happened to the treasure and recover investor money. After the case was removed to the Southern District of Ohio, the District Court ordered Thompson to appear and account for the whereabouts of the companies' missing assets, including 500 missing gold coins. Instead of appearing as ordered, Thompson fled and remained a fugitive for two years. He was eventually apprehended by the U.S. Marshals, in January 2015, and subsequently pled guilty to one count of criminal contempt. As part of his plea agreement, Thompson agreed to cooperate with the civil litigants, including Dispatch, in recovering the missing assets.

According to the Motion, through discovery, Dispatch has found evidence that Thompson misappropriated as much as $5 million from RLP and CX. In an effort to locate these assets,

Dispatch served subpoenas on a number of third parties, including Zuckerman, who assisted Thompson in the creation and administration of an offshore trust (the "Cromwell Trust") into which Thompson eventually deposited more than $4 million. *See* Subpoena. Plaintiff contends that the documents subpoenaed from Zuckerman are clearly relevant, inasmuch as they will provide critical information regarding the source of the funds that Thompson moved offshore, the movement of those funds, and even, potentially, their current whereabouts.

Zuckerman has refused to produce documents. Instead, he filed the Motion to Quash Dispatch's subpoena in the Southern District of Ohio, arguing that the requested documents are privileged. Dispatch responded by filing a consolidated memorandum in opposition to his motion in the same Court, along with a Motion to Compel. These motions have been fully briefed in Ohio. Dispatch now requests that, pursuant to Rule 45(f), the Court transfer its Motion to Compel to the Southern District of Ohio or, alternatively, grant Dispatch's Motion to Compel and order Zuckerman to produce the documents at issue. *See generally* Motion.

**II. Legal Standard**

Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required.[1] Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Morrissey v. Subaru of America, Inc.*, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015); *Semex All. v. Elite Dairy Genomics, LLC*, 2014 WL 1576917, at *2 (S.D. Ohio, Apr. 18, 2014). However, where compliance is disputed, Rule 45(f) allows the court to transfer a subpoena-related motion to the issuing court for adjudication where "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(c). Although Rule 45(f) does not explain what qualifies as an exceptional circumstance, the

---

[1] Plaintiff contends that, accordingly, Zuckerman should have initially filed his Motion to Quash in the Southern District of Florida, because the Subpoena directed Zuckerman to produce documents to Dispatch's process server in West Palm Beach.

3

Advisory Committee Notes to the 2013 amendments provide two examples of situations in which transfer due to exceptional circumstances is appropriate: (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts.  *See Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) ("Specifically, the authority to transfer subpoena-related motions under Rule 45(f) broadly applies to all motions under this rule, including motions for a privilege determination.") (quotation marks omitted).  Through this lens, the Court now evaluates the instant Motion.

### III. Discussion

The question before this Court is whether the instant facts warrant transfer of the Motion to Compel to the Southern District of Ohio in this legal context.[2]  A district court "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation."  *In re UBS Financial Services, Inc. Securities Litigation*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015) (quoting *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014) (internal quotations omitted)).  "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation."  *Judicial Watch*, 307 F.R.D. at 34; se*e XY, LLC v. Trans Ova Genetics, L.C.*, 2014 WL 4437728, at *1-2 (D.D.C. Sept. 10, 2014) (finding exceptional circumstances where issuing court "has already supervised substantial discovery and begun preparations for trial"); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 n. 6 (D.D.C. May 30, 2014) (transferring

---

[2] Absent transfer, the Motion to Transfer asks the Court to examine Dispatch's Motion to Compel in this Court.  See Motion at 14.

subpoena-related motions in "highly complex" litigation where issuing court "is in better position to rule . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented").  "In addition, the Court should consider whether requiring the local nonparty to litigate subpoena-related motions in the issuing court would present an undue burden or cost." *Judicial Watch*, 307 F.R.D. at 34 (citing *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. Sept. 10, 2014) (transferring subpoena-related motion where local party was national corporation "and thus the presumption of local resolution carried less force")).

Analysis of these factors militates in favor of transfer of Plaintiff's Motion to Compel.  First, the duration of the Civil Case, combined with its complex history, weighs in favor of finding exceptional circumstances.  The PACER docket for the Civil Case, totaling 1,015 entries, is telling proof of its complexity.  The Civil Case has been pending in the Southern District of Ohio for almost ten years.  This clearly amounts to persuasive evidence of the complexity and length of the underlying litigation, lending weight to the presence of exceptional circumstances here.  *See In re Niaspan Antitrust Litigation*, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) ("While familiarity with the underlying action will not always justify a transfer, it is a compelling factor in 'highly complex' cases where the issuing court is aware of 'the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation.'") (quoting *Wultz*, 304 F.R.D. at 46); *Judicial Watch*, 307 F.R.D at 35 (transferring court considered fact that underlying case was pending for four years in determining exceptional circumstances existed); *In re UBS Financial Services,* 2015 WL 4148857, at *2 (transfer warranted where the underlying case "involves complex securities

5

issues stemming from events" in the issuing district and has been pending in issuing court for three and a half years); *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, 2015 WL 7308655, at *2 (N.D. Ohio, Nov. 19, 2015) ("[T]he issuing court's expertise is particularly valuable here because this motion is complex, and raises a number of interlocking issues from the underlying litigation.").

Second, there is a risk that "the same issues" raised by the Subpoena "are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Committee Notes on Rule – 2013 Amendment. Zuckerman claims that documents related to the Cromwell Trust, including tax returns, are attorney-client privileged. He also argues that tax-related documents are privileged under certain federal statutes. Dispatch has issued a number of other subpoenas in the Civil Case for trust and tax-related documents as well as documents maintained or created by attorneys that could invoke privilege arguments. Furthermore, as Dispatch continues its investigation, it will continue to subpoena this same type of information from various judicial districts, since Thompson apparently has set up accounts, trusts, and shell entities, not only across the country, but around the world. Thus, there is a demonstrable risk of inconsistent discovery rulings, which the Advisory Committee Notes expressly recognize as an exceptional circumstance. *Id.*; *see Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (granting motion to transfer where "potential for inconsistent rulings should be avoided").

Third, transfer would serve judicial economy and efficiency, because Zuckerman's Motion to Quash and Dispatch's Motion to Compel have already been fully briefed in the Southern District of Ohio. *Judicial Watch*, 307 F.R.D. 30 at 34 (interest of nonparty in obtaining local resolution of a subpoena-related motion must be balanced with interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court); *Wultz v. Bank*

*of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions to quash when transferring the matter is in the interests of judicial economy.") (quotation marks omitted).

Therefore, the Court finds that exceptional circumstances exist here – facts that greatly outweigh the interests of Zuckerman in local resolution of this dispute. The Advisory Committee Notes indicate transfer is appropriate if the interests in transfer outweigh the interests of the subpoenaed party in obtaining local resolution of a subpoena-related motion. And, although courts recognize that a "prime concern" is to "avoid burdens on local nonparties subject to subpoenas," the "interest of the nonparty . . . in obtaining local resolution of the motion," must be balanced with the interests in ensuring the efficient, fair, and orderly progress of ongoing litigation before the issuing court. *Judicial Watch*, 307 F.R.D. at 34 (quoting Fed. R. Civ. P. 45, Committee Notes on Rule – 2013 Amendment).

Here, it is difficult for Zuckerman to argue that he is burdened by resolving this dispute in Ohio, because he already chose to file his motion to quash there.[3] Indeed, Zuckerman's Motion to Quash and Dispatch's Motion to Compel have already been fully briefed in the Southern District of Ohio. In *Argento v. Sylvania Lighting Services Corp.*, 2015 WL 4918065, at *4 (D. Nev. Aug. 18, 2015), the Court acknowledged that "[t]here is some force to th[e] argument" that objections to transferring a motion to compel were implicitly waived when the subpoenaed party filed a motion to quash in the issuing court:

> It is certainly noteworthy that Defendant now opposes transferring
> Plaintiff's Motion to Compel to the District of Arizona despite Defendant
> itself previously invoking that court's jurisdiction to challenge the exact

---

[3] Rule 45(f) expressly permits an attorney who is authorized to practice in the district of compliance to file papers related to the motion in the issuing court after the motion is transferred. Fed. R. Civ. P. 45(f) ("[I]f the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court.").

> same subpoena through a motion to quash and then receiving a ruling on that motion to quash on issues that overlap with those presented in the briefing on the motion to compel.  It violates fundamental principles of both fairness and efficient judicial case management to allow a party to challenge the same subpoena twice in two different courts.

*Id.*  Furthermore, compliance with Dispatch's subpoena will only require Zuckerman to produce a small number of documents electronically.  *See Judicial Watch*, 307 F.R.D. at 34 (burden on subpoenaed party minimal where electronic production of documents allowed).  Significantly, transfer to Ohio likely will not require Zuckerman to travel, as there is no indication that the Southern District of Ohio is planning to hold a hearing on the Motion to Compel.  Nevertheless, the Court "recognizes that litigating assertions of privilege in another district will impose some level of burden" on Zuckerman, as a Florida resident.  *Google, Inc. v. Digital Citizens Alliance*, 2015 WL 4930979, at *5 (D.D.C. July 31, 2015).  However, the Court is unpersuaded that transfer will impose an undue burden that would have the effect of canceling out the exceptional circumstances weighing heavily in favor of transfer.  *See Wultz*, 304 F.R.D. at 45 ("[T]ransferring a motion to the jurisdiction where the underlying litigation is pending requires few, if any, modifications of the written submissions, [and] does not rise to the level of unfair prejudice.").

Overall, the exceptional circumstances that exist here – the risk of inconsistent discovery rulings, the duration and complexity of the underlying litigation, and the interests of judicial economy and efficiency – considerably outweigh the minimal interests, if any, that Zuckerman has in litigating Dispatch's Motion to Compel locally.  For these reasons, the Court need not examine the Motion to Compel or the Motion to Quash on the merits.  As discussed herein, these Motions are better addressed by the Ohio Court.  *See, e.g.*, *Google*, 2015 WL 4930979, at *5 ("The potential for inconsistent results, the risk of disrupting management of the underlying case,

and the need for complex relevancy determinations taken together warrant consolidated case management.").

### IV. Conclusion

Balancing the aforementioned elements, the Court finds that transfer to Ohio is warranted under the exceptional circumstances present here. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Transfer, **ECF No. [1]**, is **GRANTED**. The Clerk is directed to **TRANSFER** this case to the United States District Court for the Southern District of Ohio. Upon transfer, the Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 27th day of January, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record